UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT PARKER, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2123** |
| **NGM INSURANCE COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' motion *in limine* to exclude testimony and evidence under the collateral source rule.[1] The motion is unopposed. For the reasons that follow, the motion *in limine* is **GRANTED**.

## BACKGROUND

This personal-injury case arises from a motor-vehicle collision in New Orleans, Louisiana, on August 21, 2014.[2] On that date, Plaintiff Robert Parker was driving his 2012 Hyundai Sonata in a southerly direction on Tulane Avenue near its intersection with Interstate 10 ("I-10") in New Orleans. Also traveling southbound on Tulane Avenue at that time was Defendant Edson Rivera, who was operating a 2003 Ford E250 utility van owned and operated by his employer, Multitec, LLC. Rivera was driving directly behind Parker's vehicle. According to Parker, he began to slow down as he approached congested traffic. It is undisputed that, as Parker slowed, he was rear-ended by the Ford van driven by Rivera.

As a result of the collision, on May 13, 2015, Parker filed suit against Rivera, his employer Multitec, LLC, and NGM Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana.[3] The action was removed to federal court on the

---

[1] R. Doc. 45.
[2] The Background Section of this Order and Reasons derives from a prior Order and Reasons.
[3] R. Doc. 1-1.

1

basis of federal diversity jurisdiction on June 16, 2015.[4] Parker alleges, due to the collision, he "sustained serious bodily injuries, including but not limited to his back, neck, head, shoulders and extremities," and seeks damages for "past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to the physicians' office, loss of enjoyment of life, loss of consortium, and past and future lost earnings, along with property damage to his vehicle."[5] Parker's wife, Krista Elaine Parker, also seeks damages for "loss of consortium, services, and society of her husband."[6]

## LAW AND ANALYSIS

Plaintiffs seek an *in limine* ruling preventing the Defendants from making "any mention of a collateral source" at trial.[7] The motion is not opposed.[8] The collateral source rule is a substantive rule of law.[9] Because this is a diversity case in which the Court must apply substantive Louisiana state law,[10] the Court looks to Louisiana state law on the collateral source rule.[11] Under Louisiana law, the collateral source rule "provides that a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution."[12] "Under the collateral source rule, payments received from

---

[4] R. Doc. 1.
[5] R. Doc. 1-1 at 4.
[6] R. Doc. 1-1 at 4.
[7] R. Doc. 45 at 1. Specifically, Plaintiffs seek to preclude Defendants from "soliciting testimony and/or evidence that would show or tend to show any collateral sources or the imputation of a collateral source." R. Doc. 45-1 at 3–4.
[8] The motion was set for submission on May 4, 2016, making oppositions due no later than April 26th.
[9] *See, e.g., Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 381 (5th Cir. 2012).
[10] *See generally* R. Docs. 1, 1-1.
[11] *See, e.g., Wolf v. PACT XPP Tech., AG*, 811 F.3d 758, 770 (5th Cir. 2016); *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015); *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 517 (5th Cir. 2015) (citing *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 248 (5th Cir. 2014)); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[12] *Bellard v. American Cent. Ins. Co.*, 07-1335, p. 18 (La. 04/18/08), 980 So. 2d 654, 668 (quotations omitted) (citing *Bozeman v. State*, 03-1016, p. 9 (La. 07/02/04), 879 So. 2d 692, 698; *La. Dep't of Transp. and Dev. v. Kansas City S. Ry. Co.*, 02-2349, p. 6 (La. 05/20/03), 846 So. 2d 734, 739).

an independent source are not deducted from the award the aggrieved party would otherwise receive from the wrongdoer. As a result, the tortfeasor is not allowed to benefit from the victim's foresight in purchasing insurance and other benefits."[13] As such, "the rule bars the introduction of evidence that a plaintiff has received benefits or payments from an independent source."[14]

Under Louisiana law, "whether the collateral source rule applies depends to a certain extent upon whether the victim has procured the collateral benefits for himself or has in some manner sustained a diminution in his or her patrimony in order to secure the collateral benefits such that he or she is not merely reaping a windfall or double recovery."[15] It is undisputed that Plaintiffs have a health-insurance policy with Blue Cross Blue Shield of Louisiana, for which Robert Parker "paid, and still pays, good consideration for the policy premium and its coverage."[16] Furthermore, Parker "had accrued certain vacation time, leave time and/or benefits through his employment at LSU Medical Center that he was in fact paid during certain portion[s] of his medical leave that were associated with the injuries and treatment he sustained in the accident."[17] Such benefits have been found to be collateral sources, for which recovery cannot be offset, under Louisiana law.[18]

Considering the lack of opposition to Plaintiffs' motion, the relief requested therein, and the sources identified by Plaintiffs from which they have received collateral

---

[13] *Id.* (citing *Bozeman*, 879 So. 2d at 698).
[14] *Fruge v. B.J. Servs. Co., U.S.A.*, No. 07-1025, 2009 WL 1408933, at *1 (W.D. La. May 18, 2009) (citing *Bozeman*, 879 So. 2d at 697). "Married to this substantive rule is an evidentiary rule that such evidence might prejudice the jury." *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994) (citing *Phillips v. Western Co. of N.A.*, 953 F.2d 923, 930 (5th Cir. 1992)).
[15] *Id.*
[16] R. Doc. 45-1 at 1.
[17] R. Doc. 45-1 at 1–2.
[18] *See, e.g., Aucoin v. Doerner*, 98-255, pp. 4–5 (La. App. 5 Cir. 08/25/98), 717 So. 2d 1239, 1241 (quoting *Turner v. Smith*, 556 So. 2d 983 (La. App. 3 Cir. 1990)) ("Appellees correctly assert that the collateral source rule applies to wages in that a tortfeasor is not entitled to credit for payments made as sick leave benefits. . . . It is well established that sick leave and vacation time is subject to the collateral source rule.").

Case 2:15-cv-02123-SM-DEK   Document 56   Filed 05/09/16   Page 4 of 4

benefits, the Court finds that the motion should be granted. Defendants are precluded from soliciting testimony or introducing evidence of any collateral sources, in accordance with the foregoing.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion *in limine* under the collateral source rule is **GRANTED**, as set forth above.

**New Orleans, Louisiana, this 9th day of May, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

benefits, the Court finds that the motion should be granted. Defendants are precluded from soliciting testimony or introducing evidence of any collateral sources, in accordance with the foregoing.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion *in limine* under the collateral source rule is **GRANTED**, as set forth above.

**New Orleans, Louisiana, this 9th day of May, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**