UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT PARKER, ET AL.,**  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2123** |
| **NGM INSURANCE COMPANY, ET AL.,**  Defendants | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Plaintiffs Robert Parker and Krista Elaine Parker.[1] Plaintiffs seek summary judgment on the issue of liability. The motion is opposed.[2] For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This personal-injury case arises from a motor-vehicle collision in New Orleans, Louisiana, on August 21, 2014.[3] On that date, Plaintiff Robert Parker was driving his 2012 Hyundai Sonata in a southerly direction on Tulane Avenue near its intersection with Interstate 10 in New Orleans.[4] Also traveling southbound on Tulane Avenue at that time was Defendant Edson Rivera, who was operating a 2003 Ford E250 van owned and operated by his employer, Multitec, LLC.[5] Rivera was driving directly behind Parker's vehicle.[6] According to Parker, he began to slow down as he approached congested traffic.[7] It is undisputed that, as Parker slowed, he was rear-ended by Rivera.[8]

---

[1] R. Doc. 44.
[2] R. Doc. 47.
[3] R. Doc. 44-3 at 1, ¶1; R. Doc. 47-1 at 1, ¶1.
[4] R. Doc. 44-3 at 1, ¶1; R. Doc. 47-1 at 1, ¶1.
[5] R. Doc. 44-3 at 1, ¶1; R. Doc. 47-1 at 1, ¶1. *See also* R. Doc. 1-1 at 2–3.
[6] R. Doc. 44-3 at 1, ¶1; R. Doc. 47-1 at 1, ¶1. The parties dispute how long Rivera was behind the vehicle driven by the Plaintiff, though it is undisputed that Rivera was directly behind Plaintiff immediately prior to the collision. R. Doc. 44-3 at 1, ¶¶1–2; R. Doc. 47-1 at 1, ¶¶1–2.
[7] R. Doc. 1-1 at 3.
[8] R. Doc. 44-3 at 1, ¶1; R. Doc. 47-1 at 1, ¶1.

As a result of the collision, on May 13, 2015, Parker filed suit against Rivera, his employer Multitec, LLC, and NGM Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana.[9] The action was removed to federal court on the basis of federal diversity jurisdiction on June 16, 2015.[10] Parker contends the accident was the sole fault of Edson Rivera, who "was acting in the course and scope of his employment with Defendant Multitec, LLC."[11] Parker alleges, due to the collision, he "sustained serious bodily injuries, including but not limited to his back, neck, head, shoulders and extremities," and seeks damages for "past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to the physicians' office, loss of enjoyment of life, loss of consortium, and past and future lost earnings, along with property damage to his vehicle."[12] Parker's wife, Krista Elaine Parker, also seeks damages for "loss of consortium, services, and society of her husband."[13]

Plaintiffs filed this partial motion for summary judgment on April 18, 2016.[14] The motion seeks summary judgment on "liability."[15] Though the motion is somewhat vague, it appears that the Plaintiffs seek a ruling from the Court finding the Defendants liable for (1) the personal injuries Robert Parker allegedly sustained in the accident-in-question, and (2) the property damage to Parker's vehicle.[16] In sum, Plaintiffs contend there are no genuine issues of material fact as to whether Defendants are "liable in this case," arguing

---

[9] R. Doc. 1-1.
[10] R. Doc. 1.
[11] R. Doc. 1-1 at 3. Plaintiff attributes several acts of negligence to Rivera: (1) "striking the rear of the Parker vehicle;" (2) "operating a vehicle in a careless manner;" (3) "failing to maintain reasonable and proper control of said vehicle upon a public road;" (4) "operating the vehicle under his control in a reckless and negligent manner;" (5) "failing to see what should have been seen;" (6) "driving too fast;" (7) "failing to use reasonable vigilance;" (8) "following too close;" and (9) "[a]ll other acts of fault which were the cause of the collision sued upon and will be shown at the trial of this matter." R. Doc. 1-1 at 3.
[12] R. Doc. 1-1 at 4.
[13] R. Doc. 1-1 at 4.
[14] *See generally* R. Doc. 44.
[15] R. Doc. 44-2 at 1, 8.
[16] *See* R. Doc. 44-2 at 7–8.

that Rivera "collided with the rear of Plaintiff's vehicle and caused him to incur significant injuries, damages, and losses. But for Rivera's negligent actions, Parker would not have been injured."[17] Defendants disagree, maintaining there is a "significant contested issue of material fact regarding whether Mr. Parker sustained any injuries from the motor vehicle accident at issue in this litigation."[18]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "An issue is material if its resolution could affect the outcome of the action."[20] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the non-moving party.[22] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[23]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[24] If the moving party fails to carry this burden, the motion must be denied. If the moving party

---

[17] R. Doc. 44-2 at 7–8.
[18] R. Doc. 47 at 1.
[19] FED. R. CIV. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[20] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[24] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[25]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[26] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[27] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[28] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[29]

[25] *Celotex*, 477 U.S. at 322–24.
[26] *Id.* at 331–32 (Brennan, J., dissenting).
[27] *See id.* at 332.
[28] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[29] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

**LAW AND ANALYSIS**

This is a diversity case stemming from a motor-vehicle collision in New Orleans, Louisiana,[30] and the Court applies substantive Louisiana state law.[31] Plaintiffs' causes of action in this matter sound in negligence.[32] In negligence cases under Louisiana law, a duty-risk analysis, consisting of five elements, is used to determine liability.[33] The elements needed to establish liability are: (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (scope-of-the-risk element); and (5) that the plaintiff actually suffered damages (the damages element).[34] If the plaintiff fails to prove any one element, the defendant is not liable.[35]

Plaintiffs contend there is no genuine dispute that Defendants are "liable in this case." Plaintiffs argue, because Louisiana law presumes that a driver, like Rivera, who rear-ends another vehicle is at fault, and because Defendants have not rebutted the presumption, summary judgment on "the issue of liability" is appropriate.[36] Plaintiffs

---

[30] *See generally* R. Docs. 1, 1-1.
[31] *See, e.g., Wolf v. PACT XPP Tech., AG*, 811 F.3d 758, 770 (5th Cir. 2016); *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015); *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 517 (5th Cir. 2015) (citing *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 248 (5th Cir. 2014)); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[32] R. Doc. 1-1
[33] *See Goins v. Wal-Mart Stores, Inc.*, 01-1136, p. 6 (La. 11/28/01), 800 So. 2d 783, 788; *Perkins v. Entergy Corp.*, 00-1372, p. 7 (La. 03/23/01), 782 So. 2d 606, 611; *Boykin v. Louisiana Transit Co., Inc.*, 96-1932, pp. 8–9 (La. 03/04/98), 707 So. 2d 1225, 1230; *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1991).
[34] *See, e.g., Dural v. Discover Prop. & Cas. Ins. Co.*, No. 6:08-cv-0281, 2010 WL 3259416, at *3 (W.D. La. July 15, 2010) (citing *Goins*, 800 So. 2d at 788); *see also Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4999447, at *2 (E.D. La. Oct. 7, 2014) (citing *Pepper v. Triplet*, 03-0619, p. 27 (La. 01/21/04), 864 So. 2d 181, 199).
[35] *Dural*, 2010 WL 3259416, at *3 (citing *Duncan v. Kansas S. Ry. Co.*, 00-0066, p. 4 (La. 10/30/00), 773 So. 2d 670, 676; *Mathieu v. Imperial Toy Corp.*, 94-0952, p. 11 (La. 11/30/94), 646 So. 2d 318, 326).
[36] *See* R. Doc. 44-2 at 4–7.

point to Rivera's deposition testimony, where Rivera admits he collided with the rear of Robert Parker's vehicle, to establish that the Defendants are liable.[37] Defendants disagree that the issue of liability can be resolved on summary judgment, arguing "significant questions of causation" and damages remain in dispute.[38] Defendants contend, irrespective of the presumed fault of following motorists in Louisiana, "plaintiffs have not presented any evidence to establish that the accident in question *caused* plaintiff to sustain any damage."[39]

The instant motion is best analyzed in two distinct spheres—*i.e.*, (1) whether the Defendants are liable for any property damage to Parker's vehicle, and (2) whether the Defendants are liable for the personal injuries that Parker allegedly sustained. With respect to the former, there is no genuine dispute that the Defendants are liable for the damage to Parker's vehicle. Edson Rivera testified in his deposition that, as a result of his rear-ending Parker, he did in fact cause damage to Parker's vehicle.[40] Specifically, in Rivera's deposition, Plaintiffs' counsel asked: "Mr. Rivera, in the simplest terms, did you see damage that you caused to the bumper of Mr. Parker's vehicle?"[41] Rivera responded: "Yes, I did."[42] The Defendants have not cited any evidence to show that Parker's vehicle was damaged before the accident with Rivera, nor have Defendants otherwise pointed to any facts or evidence showing why they are not liable for the damage to Parker's vehicle. Absent such evidence, there is nothing before the Court to raise a genuine issue of material fact as to whether Rivera damaged Parker's vehicle in the rear-end collision. It is undisputed that (1) Rivera, as a following motorist, owed a duty of care to Parker; (2)

---

[37] R. Doc. 44-2 at 6 (citing R. Doc. 44-4 at 22–23 (Deposition of Edson Rivera)).
[38] R. Doc. 47 at 3; R. Doc. 47-1 at 2, ¶1.
[39] R. Doc. 47 at 5 (emphasis added).
[40] R. Doc. 44-4 at 42–43 (Deposition of Edson Rivera).
[41] R. Doc. 44-4 at 43 (Deposition of Edson Rivera).
[42] R. Doc. 44-4 at 43 (Deposition of Edson Rivera).

Rivera breached that duty when he rear-ended Parker; and (3) the rear-end collision *caused* damage to Parker's vehicle. As such, it is beyond dispute that the Defendants are liable to Parker for the damage to his vehicle, though the specific amount of damages owed is an issue to be determined at trial.

Whether Defendants are liable for Parker's personal injuries, however, is not as clear. In their statement of uncontested facts, Plaintiffs do not even include a statement that Parker suffered personal injuries as a result of the accident with Rivera, let alone offer evidence to support such a statement.[43] Even though it was not required of them, the Defendants offered competent summary judgment evidence to show that Parker's injuries pre-existed the collision with Rivera and were not caused by his being rear-ended on August 21, 2014.[44] In fact, there is ample evidence that Parker was being treated for similar injuries prior to being rear-ended by Rivera.[45] Whether Parker sustained any personal injuries *as a result* of being rear-ended by Rivera is a disputed fact, and the Plaintiffs are not entitled to summary judgment on liability for personal injuries.[46]

The Court notes there is no dispute that Rivera's negligence was the cause of the *underlying accident*, irrespective of whether the Plaintiffs sustained any personal injuries or related damages in connection therewith. Under Louisiana law, "[a] legal presumption exists that a following motorist who collides into the rear end of a leading automobile is at fault."[47] "For the following motorist to exculpate himself, he must show that he kept his vehicle under control, that he closely observed the forward vehicle, that he followed at a

---

[43] *See generally* R. Doc. 44-3.
[44] *See* R. Doc. 47 at 2–3. *See infra* note 45.
[45] R. Doc. 47 at 2–3. *See also* R. Doc. 47-3 at 2–10 (Deposition of Robert Parker); R. Doc. 47-4 (Certified Medical Records, Culicchia Neurological Clinic); R. Doc. 47-5 (Certified Medical Records, St. Tammany Parish Hospital); R. Doc. 47-6 (Deposition of Dr. K. Samer Shamieh).
[46] "To establish liability, a plaintiff must prove that [a] defendant's fault caused some legally compensable damage." *Hall v. Brookshire Bros., Ltd.*, 02-2404, p. 11 (La. 06/27/03), 848 So. 2d 559, 567.
[47] *Matherne v. Lorraine*, 03-2369, p. 2 (La. App. 1 Cir. 09/17/04), 888 So. 2d 244, 246.

safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid."[48] In this case, it is undisputed that Parker was rear-ended by Rivera, and Rivera is thus presumed to be at fault for the rear-end collision.[49] The Defendants have not pointed to any evidence or established the presence of disputed issues of fact to show that Rivera, as the following motorist in a rear-end collision, was not somehow liable for the underlying accident. Therefore, it is clear that Rivera was the cause-in-fact of the accident and the legal cause of the Plaintiffs' injuries, if there were any. Although the Court is not granting summary judgment on the personal injury claims, the Court will instruct the jury that the first four elements of the duty-risk analysis have been met. At the trial, evidence will center on the amount of damages to the Plaintiffs' vehicle and whether the Plaintiffs suffered any personal injuries as a result of the accident and, if so, to what extent.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion for partial summary judgment, insofar as it seeks summary judgment finding Defendants liable for the property damage to Plaintiff's vehicle, is **GRANTED**.

**IT IS FURTHER ORDERED** that, with respect to the personal injuries alleged by Plaintiffs, the motion for partial summary judgment is **DENIED**, for the reasons set forth above.

**New Orleans, Louisiana, this 10th day of May, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[48] *See, e.g., Mustifal v. Strickland*, 98-1294, p. 5 (La. App. 3 Cir. 04/07/99), 732 So. 2d 741, 744 (emphasis omitted) (quoting *Rudd v. United Servs. Auto. Ass'n*, 626 So. 2d 568, 570 (La. App. 3 Cir. 1993)).
[49] R. Doc. 44-3 at 1, ¶1; R. Doc. 47-1 at 1, ¶1.