UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT PARKER, ET AL.,**<br>      **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-2123** |
| **NGM INSURANCE COMPANY, ET AL.,**<br>      **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is the Plaintiffs' motion *in limine* to prevent defense counsel "from soliciting testimony and/or evidence that would tend to contradict or run afoul of the eggshell plaintiff rule as it related to both causation and damages."[1] The Defendants oppose the motion.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

This personal-injury case arises from a motor-vehicle collision in New Orleans, Louisiana, on August 21, 2014.[3] On that date, Plaintiff Robert Parker was driving his 2012 Hyundai Sonata in a southerly direction on Tulane Avenue near its intersection with Interstate 10 ("I-10") in New Orleans. Also traveling southbound on Tulane Avenue at that time was Defendant Edson Rivera, who was operating a 2003 Ford E250 utility van owned and operated by his employer, Multitec, LLC. Rivera was driving directly behind Parker's vehicle. According to Parker, he began to slow down as he approached congested traffic. It is undisputed that, as Parker slowed, he was rear-ended by the Ford van driven by Rivera. As a result, on May 13, 2015, Parker filed suit against Rivera, Rivera's employer Multitec, LLC, and NGM Insurance Company ("Defendants") in the Civil District Court

---

[1] R. Doc. 92.
[2] R. Doc. 95.
[3] The Background Section of this Order and Reasons is taken, in part, from a prior Order and Reasons. *See* R. Doc. 60 at 1.

for the Parish of Orleans, State of Louisiana.[4] The action was removed to federal court on the basis of federal diversity jurisdiction on June 16, 2015.[5] Parker alleges, due to the collision, he "sustained serious bodily injuries, including but not limited to his back, neck, head, shoulders and extremities," and seeks damages for "past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to the physicians' office, loss of enjoyment of life, loss of consortium, and past and future lost earnings, along with property damage to his vehicle."[6] Parker's wife, Krista Elaine Parker, also seeks damages for "loss of consortium, services, and society of her husband."[7]

## LAW AND ANALYSIS

Plaintiffs admit that Plaintiff, Robert Parker, has a "prior history of back problems."[8] In light of Parker's prior back problems, the Plaintiffs seek an order from the Court to "prevent the Defendants' counsel from soliciting testimony and/or evidence that would tend to contradict the eggshell plaintiff rule with regard to both causation and damages."[9] Plaintiffs argue, in part, that all of the evidence of Parker's prior medical history and his well-documented history of back problems is "cumulative, prejudicial, and runs afoul of the eggshell plaintiff rule."[10] Furthermore, Plaintiffs contend "counsel for the defendants should not be permitted to circumvent the eggshell plaintiff rule in voir dire or at trial with regard to suggesting that an aggravation of a pre-existing injury is worth less than an injury with no pre-existing issues."[11]

---

[4] R. Doc. 1-1.
[5] R. Doc. 1.
[6] R. Doc. 1-1 at 4.
[7] R. Doc. 1-1 at 4.
[8] R. Doc. 92-1 at 2.
[9] R. Doc. 92-1 at 4.
[10] R. Doc. 92-1 at 4.
[11] R. Doc. 92-1 at 4.

Contrary to Plaintiffs' arguments, evidence of Robert Parker's back problems that pre-existed the accident-in-question is relevant and does not run afoul of Federal Rule of Evidence 403.[12] The Court will, however, prevent defense counsel from introducing cumulative testimony at the trial.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion *in limine* regarding the eggshell plaintiff rule is **DENIED**.

**New Orleans, Louisiana, this 4th day of July, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] The Court reminds the parties, however, that only exhibits which are the subject of testimony will be admitted into evidence and provided to the jury during deliberations. The parties are also reminded that the Court will conduct voir dire and that the parties may submit proposed questions for the Court to ask during voir dire. In accordance with the Court's scheduling order, such questions must be filed by August 8, 2016, at 5:00 p.m. Finally, with respect to any other limiting instructions or other matters addressed by Plaintiffs in their motion *in limine*, the Court defers ruling until trial.